UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSICA B.,

           Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C23-6000-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits for a closed period.[1] Plaintiff contends the administrative law judge ("ALJ") erred by rejecting her testimony, two lay witnesses' statements, and in assessing what jobs she could perform. (Dkt. # 7.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1976, has a high school education, and has worked as an industrial cleaner, membership solicitor/warehouse worker, material handler, and bartender. AR at 34. Plaintiff has been gainfully employed since February 8, 2022. *Id.* at 20.

On April 19, 2021, Plaintiff applied for benefits, alleging disability as of February 1, 2021. AR at 17. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing on January 23, 2023, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-36, 42-76.

Using the five-step disability evaluation process,[2] the ALJ found Plaintiff had the following severe impairments: residual effects of stage IV cancer of the left breast, status post pre-mastectomy chemotherapy in April 2021, left breast mastectomy on August 19, 2021, and post-surgical radiation and chemotherapy; degenerative disc disease of the cervical and lumbar spine, status post spinal fusion between the C4 and C7 levels in 2013; and a mental impairment of unspecified anxiety disorder or mild major depressive disorder. AR at 21. The ALJ found, in pertinent part, Plaintiff had the residual functional capacity ("RFC") to perform simple, routine, light work, reaching overhead occasionally and in other directions frequently. *Id.* at 25.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

ORDER - 2

evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

**A.   The ALJ Erred in Discounting Plaintiff's Testimony**

Plaintiff contends the ALJ failed to assess the gist of her testimony: that she would have missed too many days and hours of work to sustain full time employment, from beginning breast cancer treatment in February 2021 through February 2022 at the earliest.[3] (Dkt. # 7 at 6.) The Commissioner argues the ALJ provided valid reasons to discount Plaintiff's testimony. (Dkt. # 10 at 3-8.)

---

[3] Plaintiff testified she began part-time work in February 2022 but did not have the stamina to perform full time work for "quite a while." AR at 68.

ORDER - 3

Absent affirmative evidence showing a claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112). The "clear and convincing" standard does not ask "whether [the Court] is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). An ALJ must consider all factors that affect a claimant's ability to work, "includ[ing] side effects of medications[.]" *Erickson v. Shalala*, 9 F.3d 813, 818 (9th Cir. 1993); *see also* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv) (factors an ALJ must consider include "side effects of any medication you take").

Plaintiff testified she had chemotherapy from February to July 2021, a mastectomy in August 2021, and radiation from September 2021 to February 2022.[4] AR at 55-56. Chemotherapy made her "extremely ill" and unable to work a full-time job. *Id.* at 65. Radiation treatment was daily, *i.e.*, five days per week. *Id.* at 66. Treatments were scheduled around noon "because it took [her] a while to be able to get functioning in the morning[.]" *Id.* at 68. Treatment, and travel to and from, took at least two hours. *Id.* at 66-67. Afterward, Plaintiff was "extremely tired and nauseous," needing to lie down "for quite a few hours to recoup." *Id.* at 67.

It appears the ALJ did not reject Plaintiff's testimony of inability to work full time due to chemotherapy and then surgery from February through August 2021. The ALJ did note a September 7, 2021 post-operative check-up where Plaintiff reported she was "doing quite well" after her August 19, 2021 radical mastectomy. AR at 28 (citing *id.* at 1155). "[D]oing well for

---

[4] The Commissioner argues Plaintiff only had radiation from December 7, 2021, to February 7, 2022. (Dkt. # 10 at 7 (citing AR at 1352).) Other records appear to indicate treatments in September 2021. *See, e.g.*, AR at 1166. In any case, the ALJ did not mention this as a reason to discount Plaintiff's testimony, and the Commissioner's argument is thus improper *post hoc* reasoning on which this Court cannot rely. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995).

ORDER - 4

the purposes of a treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (quoting *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)). Here, Plaintiff reported she was "still recovering, and feels that she is doing quite well." AR at 1155. In context, doing "well" indicates recovering well from major surgery, not a readiness for full time work. October 2021 treatment notes indicate Plaintiff was recovering from surgery up until the point she began radiation therapy. *Id.* at 1170 (Plaintiff's providers planned for her to have "[a]djuvant radiation once recovered from surgery").

The ALJ found Plaintiff "successfully completed post-surgical radiation therapy in February 2022" and Plaintiff's "cancer appears to have resolved successfully with only mild residual complications from anticancer therapy[.]" AR at 28, 31. The Commissioner argues "Plaintiff exhibited no evidence of cancer" after treatment and that "effectiveness of treatment" is relevant for an ALJ to consider. (Dkt. # 10 at 4-5.) Successful treatment of the cancer does not contradict Plaintiff's testimony of disabling side effects during treatment, however. The ALJ also pointed to objective findings such as normal motor strength during the relevant period, but this too does not undermine testimony of fatigue and nausea. AR at 30.

The ALJ discounted Plaintiff's testimony of side effects from post-surgical radiation based on January and February 2022 notes indicating Plaintiff "was tolerating treatment well, with no complaints beyond mild itching[.]" AR at 30 (citing *id.* at 1350-52). The "narrative" section of the treatment notes states Plaintiff "is tolerating [radiation therapy] well. She notes some mild itching otherwise no complaints[.]" *Id.* at 1350-52 (capitalization omitted). The "complications during treatment" section specifies "radiation dermatitis[.]" *Id.* That Plaintiff had minimal effects during the treatment session (itching or dermatitis) does not undermine her

testimony that, afterward, she spent the next several hours too tired and nauseous to complete an eight-hour workday.

The Commissioner points to additional places in the record where Plaintiff was doing well after surgery or after completing the course of radiation. (Dkt. # 10 at 8 (citing AR at 1193, 1231, 1257-58).) Again, doing well does not, in this context, indicate an ability to work full time. On March 28, 2022, Plaintiff reported she was "improving all the time in terms of how she feels after treatment." AR at 1258. This actually corroborates Plaintiff's testimony of side effects after receiving treatment.[5]

The ALJ failed to provide any valid reason to discount Plaintiff's testimony that her cancer treatment and its side effects left her unable to work a full-time job for at least twelve consecutive months. The Court concludes the ALJ erred by discounting Plaintiff's testimony.

**B.    The ALJ Erred in Rejecting the Lay Witness Testimony**

Plaintiff contends the ALJ erred by rejecting lay witness statements by Plaintiff's sister-in-law and niece without providing a reason. (Dkt. # 7 at 11-13.) The Commissioner contends an ALJ need not provide reasons for discounting lay witness testimony, and in any case the reasons the ALJ provided here for discounting Plaintiff's testimony apply equally to the lay witnesses' statements. (Dkt. # 10 at 9-10.)

An ALJ must consider all "relevant evidence[.]" 20 C.F.R. §§ 404.1520b(b)(1), 416.920b(b)(1). Whether the ALJ should provide written analysis about lay witness evidence depends on the circumstances of each case. *See* Revisions to Rules Regarding the Evaluation of

---

[5] At the hearing, the ALJ requested treatment notes related to radiation because "[r]adiation treatment typically doesn't cause those kind of side effects for breast cancer treatment[.]" AR at 72. To the extent the ALJ's comments may indicate an attempt to act as a medical expert, this was error. *See Moghadam v. Colvin*, 2016 WL 7664487, at *6 (W.D. Wash. Dec. 21, 2016), *report and recommendation adopted*, 2017 WL 68439 (W.D. Wash. Jan. 6, 2017) ("[A]n ALJ is not permitted to play doctor.").

Medical Evidence, 82 Fed. Reg. 5,844, 5,850 (Jan. 18, 2017) ("Depending on the unique evidence in each claim, it may be appropriate for an adjudicator to provide written analysis about how he or she considered evidence from nonmedical sources[.]"). Regardless of the type of evidence, an ALJ may not reject "significant probative evidence" without explanation. *Flores v. Shalala*, 49 F.3d 562, 571 (9th Cir. 1995). This is because the agency must "set forth the reasoning behind its decision in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Accordingly, the ALJ may not ignore lay witness testimony if it is significant and probative.

Plaintiff's sister-in-law reported that "[d]uring chemotherapy, mastectomy, and radiation" Plaintiff's "fatigue, vomiting, and headaches [were] overbearing and limited her ability to be awake and functioning a 'normal' life." AR at 346. She reported that after radiation therapy appointments, Plaintiff "would come home and immediately sleep anywhere from [two to five] hours." Plaintiff "barely would eat and lost 40 [pounds] because she was too exhausted to eat." *Id.*

Plaintiff's niece reported that "during cancer treatment and radiation" Plaintiff "was very nauseous or throwing up, [with] headaches and lack of energy[.]" AR at 347. She reported that "after all her radiation appointments she would be so exhausted and sick she would sleep anywhere from [three to six] hours." *Id.* Plaintiff's family "would try and get [her] to eat but she wouldn't because of how exhausted she was." *Id.*

The ALJ "reviewed" and "considered" the lay witness statements but declined to articulate any assessment of them. AR at 33. The lay witness statements directly address the core issue in this matter: whether the side effects of Plaintiff's cancer treatment rendered her unable to perform full time work for at least twelve consecutive months. As such, the statements are

ORDER - 7

significant, probative evidence that the ALJ was required to address. Moreover, because the ALJ's reasons to discount Plaintiff's testimony on side effects were not valid, as discussed above, those reasons do not suffice to discount the lay witness statements. The Court concludes the ALJ erred by rejecting the lay witness statements.

### C. The ALJ Erred at Step Five

The ALJ found Plaintiff could perform work as a document preparer, marker, and routing clerk. AR at 35. Plaintiff contends, and the Commissioner concedes, the job of document preparer is inconsistent with the limitation in the RFC to simple, routine work. (Dkt. ## 7 at 14, 10 at 11.) The Court need not reach Plaintiff's arguments regarding the remaining jobs, as on remand the ALJ's reassessment of Plaintiff's testimony and the lay witness statements may result in a different RFC.

### V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Plaintiff's testimony and the lay witness statements, reassess the RFC as necessary, and proceed to step five as needed.

Dated this 5th day of June, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge